In the Matter of GAVIN WATSON, Respondent, v. AMY S. WATSON, Appellant.— Order and judgment, Supreme Court, New York County, entered July 25 and August 9, 1973, respectively, reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, the judgment vacated and the matter remanded within the framework of the original application pursuant to CPLR 3123 (subd. [c]) for the purpose of making specific findings and to the extent necessary, to conduct a further hearing with respect to whether the pretrial depositions were taken in consequence of or protracted by appellant's failure to admit; whether the facts as contended by the petitioner and contained in the notice to admit were established at the trial; and to disclose and set forth each item of expense which is found to have resulted from defendant's failure to admit. On the original application to confirm the referee's report petitioner claimed that he had incurred certain expenditures, specifically categorizing the areas of expense allegedly resulting from respondent-appellant's failure to comply with the notice to admit. At that time petitioner estimated that such expenses amounted to $7,979.09 and subsequently, on the first appeal, the claim was reduced to $5,765. Although there is no indication that any motion formal or otherwise was made by the petitioner to increase the limits of the initial application, nevertheless, the hearing held pursuant to this court's remand was expanded far beyond the original claims and resulted in an award to the petitioner in the amount of $22,433.80, covering items of expenditures including vastly increased attorney's fees not previously urged to have been related to appellant's noncompliance with the notice to admit. Moreover, the judgment granted by Special Term was improper since the record does not supply sufficient basis for the conclusion that the expenses were causally connected to the appellant's failure to comply with the notice to admit. And, the findings with relation to such issue were not made with sufficient particularity. Merely because petitioner took depositions of various witnesses referred to in the notice to admit, does not establish that they were taken because of appellant's action. Indeed, there is indication in the record that the depositions were taken as part of petitioner's general pretrial preparation and would have been taken regardless of appellant's failure to admit. If the latter is established, petitioner should not be permitted to shift the burden of those expenses to the appellant. Of course, if it is established that the depositions and related investigations and proceedings were undertaken because of the appellant's noncompliance with the notice to admit or if her actions protracted general pretrial proceedings, recovery in whole or in part may be proper providing that it is found that the facts as contended by petitioner were ultimately established. Accordingly, the further findings should encompass the additional issues aforementioned

and to this end, if it is necessary, further proof should be taken. Concur — Nunez, Murphy and Tilzer, JJ.; McGivern, P. J., and Markewich, J., dissent in the following memorandum by McGivern, P. J.: We find no valid reason for expanding on remand the scope of the hearing so as to embrace inquiry as to whether or not the pretrial depositions taken went beyond matters necessary for the establishment of the truth of facts which the respondent wife improperly failed to admit. Had the respondent wife given the admissions required of her there would have been no need for pretrial depositions directed to the establishment of the facts which ought to have been admitted; and having refused the opportunity of cross-examination at the hearing before the referee, which could have included inquiry as to the allocation of time devoted, if any, to matters beyond those necessary for the establishment of the truth of the facts not admitted, we find no sound reason for now allowing a further opportunity to so do. A remand should be directed solely because this court should not be burdened with ferreting out and tabulating from the record the specific elements constituting the basis for the award made on the submission as limited by counsel for the respective parties as part of their trial strategy and chartered course of action. The defendant wife had a full opportunity at the hearing before the referee on the first remand to inquire as to the very facts which the majority would now grant her after deliberate rejection of the opportunity to so do. Our courts and judicial economy, particularly in these days of congested calendars, are not designed to be or become the toyful instruments of parties litigant and their counsel, rather are they intended to afford due process and an opportunity to be heard, here rejected, after invitation by the referee to submit evidence embracing the very matters concerning which prolongation by the majority opinion is now, in my view, wholly unwarranted.